Judge Logan
delivered the opinion of the court.
Tong filed his bill of injunction, alledging that Jackson became the purchaser of a certain tract of land, under a sheriff’s sale; and, that, by an agreement between them, he was to have an interest in the purchase, and had paid his proportion of the purchase money and the land been divided between them. But, that, as the title could only be derived through Jackson, the purchaser, that he should receive the deed and convey to him agreeably to their con* tract.
That afterwards, and before obtaining the deed from the sheriff, he, the said Tong, had been in treaty in the state of Maryland for certain negroes, and believing that he could in the purchase of the slaves dispose of the land, if vested with the right, for $1000, informed the appellant thereof. Whereupon an agreement was entered into between them, that the deed for the wffiole purchase should be made to Tong. And in consequence thereof, they appointed 1° meet the sheriff on a given day, for the purpose of having the deed made. But the sheriff did not attend and no deed was executed,
It is further charged that Tong had no authority from Jackson to compel a conveyance, or even justify the sheriff in making the deed to him. And that his business requiring, he sat out for Maryland within a few days after the .time appointed as aforesaid to meet the sheriff, without having procured the deed; from whence he did not return until May then-ensuing.
That he had, under this state of case, been induced to execute to Jackson, on the 38th September, 1810, his ob* ligation for $>500, payable the 1st of April ensuing that date; which might be discharged in a negro, or by re-conveying that part of the land.
That the want of the deed, prevented him from selling the land: And that shortly after his return from Maryland, suit upon his obligation was commenced and ⅞ judgment recovered. That after the commencernent of the suit, Jackson had refused to give an order to the sheriff to make the deed to the appellee. But, thereafter, in the absence of the appellee, and without his consent, caused the deed rto be executed to him and deposited in the clerk’s office.
*82 The appellant admits the substance of the allegations in the bill: But avers the execution of an order to the sheriff, to make the deed to Tong for the whole land; and the negligence of Tong, as the reason the deed was not made. And states, also, that the land, since the execution of the deed to Tong, has been sold under an execution against Tong; whereby he is rendered unable to re-convey the land to the appellant; so that unless permitted to receive* the benefit of his judgment at law, he must lose both his |and and money.
The injunction was made perpetual by the decree below: from which Jackson prosecutes this appeal.
It may be proper in the first place, to premise, that there is no evidence conducing to show, that by the contract it devolved on Tong to procure the execution of the deed by the sheriff; or that from any instrument of writing, the sheriff was authorised to execute the deed to him. So far from it, that the sheriff deposes that he would, at any time, have executed to Jackson a deed for the whole land: And it is proved, moreover, that he directed the witness to call at the clerk’s office, in 1810, and if the deed had been executed from the sheriff to the appellee, to reéeive and bring it to him the appellant.
This proof repels the idea, that the appellant had, by the contract, nothing to do; or that the duty devolved on the appellee to procure the deed from the sheriff. The object of the contract is evident, that if the appellee could1 not sell, that lie might discharge his obligation by conveying the land, to the appellant. This was certainly predicated on the idea, that the land would be conveyed to Tong, But as this fcould only be done through the instrumentality of Jackson; and not having been done, the deed remained as before subject to his direction. Why convey the land to Tong, merely that he might re-convey to Jackson? As the. title must have passed as if it passed from Jackson, of through bis direction, as indispetfsible thereto; and as Tong held no obligation which could be enforced against him for the same, the right was as already in him; or the same means within his power to have commanded it, as. he had to have Secured trie conveyance to the appellee.
The true meaning of the contract cannot be misunderstood: The land was intended tobe conveyed back, if not sold. But the appellant, or the sheriff who held it for him, *,Iready was in-possession of the right; and no injury could *83 result to him from the failure of the appellee; because he had what was intended, if he did not get its value at the time stipulated for the payment, in the same manner had previously been entitled. And he cannot, properly, complain, that the appellee has not conveyed to him, inasmuch as the first complaint is on the side of the appellee, that the appellant did not do what was essential towards enabling him to convey the land.
B. Hardin for appellant, Hardin for appellee.
With respect to the deed executed pending the suit, and the sale under execution, it need only be remarked, that the deed was executed without the consent of the grantee, and the purchase made with a full knowledge of this fact, in which the appellant himself seems to be interested.— Upon the whole, it is the opinion of this court, that the decree should he affirmed with cost.